UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAVIER DELVALLE,

                    Plaintiff,

          -against-

DOE,

                    Defendant.

---

25-CV-6685 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

     Plaintiff, who currently is detained at West Facility on Rikers Island, brings this action,

*pro se*, regarding the conditions of confinement at the Otis Bantum Correctional Center

("OBCC"), which is also located on Rikers Island. The Court construes the complaint as

asserting federal constitutional claims under 42 U.S.C. § 1983. By order dated October 22, 2025,

the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but

grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

     The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff's submission takes the form of a letter sent to the undersigned and addressed, "To whom it may concern."[2] (ECF 1, at 1.) Because Plaintiff does not name any defendants, and a defendant is required to open a civil action, the Clerk of Court listed "Doe" as the sole defendant in this action. Plaintiff asserts that the conditions of confinement at OBCC violate "[b]are minimum standards." (*Id.*) He alleges that there is black mold in the showers and that they are not "cleaned daily" because of "limited [cleaning] supplies." (*Id.* at 2.) Plaintiff alleges that he and other detainees have complained "numerous times" to staff, including officers, plumbers, captains, deputy wardens, and other DOC personnel. (*Id.*)

Plaintiff asserts that persons in custody at OBCC are "forced into unsuitable buildings/[d]orms" and are required to remain in confined quarters for 22-23 hours a day "[i]f programing and recreation are not being called or operated simultaneous." (*Id.* at 3.) He alleges that "most of the time they do not call recreation" and that "most housing units in OBCC" do not get programming. (*Id.*) Plaintiff further alleges that the buildings are on lock down "every [T]ueday," and that there is no way to leave the housing area during lockdown. (*Id.*)

In a section of the complaint labeled "Issues of Dietary," Plaintiff alleges that "its safe to say that through [Bureau of Corrections] and its affiliates seem to simply turn a blind eye to the needs of staff and prisoners that the [DOC] hold in there custody and would blatantly conspire to allow proper care and the standards to be met despite institutional orders." (*Id.* at 4.)

Plaintiff does not state the relief he is seeking.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are in the complaint unless otherwise noted.

**DISCUSSION**

**A.    Conditions of confinement**

Plaintiff's challenge to the conditions of confinement at OBCC arise under 42 U.S.C. § 1983. A pretrial detainee's claim for deliberate indifference to unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.*

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. A correction official's negligence is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

### 1.    Mold in the showers

Plaintiff alleges that there is black mold in the showers at OBCC and that the showers are not cleaned daily. Courts have held that "allegations of exposure to black mold may, in certain circumstances, satisfy the objective element of [a conditions of confinement] claim provided that the plaintiff alleges that he or she suffered, or is at a substantial risk of suffering from, an injury or health problem as a result of such exposure." *Reid v. Nassau County Sheriff's Dep't.*, No. 13-CV-1192, 2014 WL 4185195, at *14 n.14 (E.D.N.Y. Aug. 20, 2014) (collecting cases); *see Blaine v. Walker*, No. 3:21-CV-0570, 2021 WL 2590148, at *3 (D. Conn. June 24, 2021) ("Courts generally consider whether the plaintiff has alleged facts regarding the severity or nature of the exposure which would give rise to a plausible inference that the mold exposure presents a substantial risk of serious harm to the plaintiff." (citing cases)). Here, while Plaintiff alleges that there is black mold in the showers at OBCC, it is unclear from the letter-complaint whether he personally was ever exposed to the mold, or when, where, and for how long any such exposure occurred. Plaintiff also does not allege any facts suggesting that he has suffered or is at risk of suffering an injury or health problem as a result of any such exposure.

Even if the Court assumes that Plaintiff has adequately alleged a substantial risk of injury, he has not alleged facts showing that any individual officer or New York City Department of Correction ("DOC") employee knew, or should have known, that the condition posed an excessive risk to his health or safety. While Plaintiff alleges that "we have complained numerous times to staff," including officers, plumbers, and other DOC officials, he does not provide any facts about who specifically he informed about the mold, when he informed them, and what specific information he provided to them. Moreover, because Plaintiff styles his submission as a letter, he does not name as defendants any identifiable DOC employees or officials that he alleges violated his rights. For these reasons, the Court dismisses Plaintiff's claims arising from

mold in the showers for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his conditions of confinement claims arising from mold in the showers at OBCC. If Plaintiff amends his claim, he should allege any additional facts about when, where, and for how long he was exposed to the mold, as well as any facts demonstrating that the exposure placed him at substantial risk of experiencing physical injury or a health problem. Plaintiff should also name as defendants those individuals he alleges were deliberately indifferent to his rights, and allege facts showing that these individuals knew of and disregarded an excessive risk to his health or safety.

### 2.    Lack of recreation and prolonged confinement

Plaintiff alleges that detainees at OBCC are frequently denied recreation time and are confined to their housing areas for 22 to 23 hours a day. These claims are analyzed under the same deliberate indifference standard as his mold exposure claims. In considering whether Plaintiff suffered an objectively serious risk of harm, the Court begins with the clearly established proposition that prisoners have a right "to a meaningful opportunity for physical exercise." *McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (collecting cases); *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996) ("[S]ome opportunity for exercise must be afforded to prisoners."). To determine whether a prisoner has been denied exercise in violation of the Constitution, courts consider: "(1) the duration of the deprivation; (2) the extent of the deprivation; (3) the availability of other out-of-cell activities; (4) the opportunity for in-cell exercise; and (5) the justification for the deprivation." *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001). "Sporadic infringement of the right to exercise does not rise to the level of a constitutional deprivation." *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *5 (S.D.N.Y. Mar. 30, 2017). Instead, "a plaintiff must show that he was denied all

6

meaningful exercise for a substantial period of time." *Williams*, 142 F. Supp. 2d at 425.

Moreover, a "safety exception" has also been recognized which permits restrictions under

"unusual circumstances," as well as to address disciplinary needs. *See Greifinger*, 97 F.3d at 704.

Here, Plaintiff alleges that "most" of the detainees at OBCC are confined to their

buildings and dorms for 22 to 23 hours a day, and that "most of the time," the detainees are not

called for recreation. (ECF 1, at 3.) Even if the Court assumes that Plaintiff was personally

among the detainees who was frequently denied recreation time outside his housing area, he

alleges no facts describing the length and frequency of the deprivation. It is also unclear from the

letter-complaint whether Plaintiff had an opportunity for other out-of-cell activities, or whether

he was able to perform in-cell exercise. Plaintiff also does not explain what justification was

offered for denying recreation, although he appears to suggest that recreation is sometimes

scheduled for the same time as "chow," forcing detainees to choose between the two, and that the

deprivation can sometimes be due to lockdown. (*Id.*)

Even if Plaintiff were able to establish that the deprivation of recreation posed an

objectively serious risk to his health or safety, he does not allege any facts suggesting that any

identifiable individual knew of or should have known of the serious risk, and disregarded it. The

Court therefore dismisses Plaintiff's Section 1983 claims arising from the alleged denial of

recreation for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead these claims in an amended complaint. In his

amended complaint, Plaintiff should allege facts describing the duration and extent of the

deprivation of recreation and exercise, the availability of other out-of-cell activities, the

opportunity to exercise within his cell, and the justification for the deprivation. Plaintiff should

also name as defendants those individuals he alleges were deliberately indifferent to his right to exercise, and allege facts showing that these individuals knew of and disregarded an excessive risk to his health or safety.

### 3.    Other conditions

In the letter-complaint, Plaintiff references other problematic conditions at OBCC, including complaints about the food that is served, and that the facility is "[i]nfested with rodents, the water being contaminated, and living conditions – beds (mattresses, bathrooms, and the living space we have." (ECF 1, at 1.) Plaintiff, however, alleges no facts in support of his assertions regarding these issues. He does not allege any specific facts suggesting that these conditions – either alone or in combination – constitute an objectively risk to his health or safety. He also does not allege that any identifiable defendant knew of or should have known of the danger, but failed to mitigate the risk. The Court therefore dismisses any claims Plaintiff may be attempting to assert with respect to these conditions for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his conditions of confinement claims related to these issues an in amended complaint.

### B.    Claims under state law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

8

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid conditions of confinement claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 15, 2026
          New York, New York

                                            _Louis L. Stanton_
                                            LOUIS L. STANTON
                                            U.S.D.J.